IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVE HARRISON, | |
| Petitioner, | 4:18CV3094 |
| vs. | |
| BRAD HANSEN, | **MEMORANDUM AND ORDER** |
| Respondent. | |

Petitioner Dave Harrison ("Petitioner" or "Harrison") has filed a "Motion for Relief From Judgment Pursuant to Rule 60(b)(4)(6)(d)(1)(2)" (filing no. 1), which has been docketed as a petition for writ of habeas corpus. Conducting an initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, the court concludes that the petition should be dismissed.

Harrison has filed the present action asking the court to grant him relief from his 1985 judgment of conviction entered in the Douglas County District Court of Nebraska and to declare said judgment void. Harrison was convicted of first degree murder for the June 4, 1984, shooting death of his wife, and he was sentenced to life in prison. Liberally construed, summarized and condensed, Harrison now attacks his conviction alleging the judgment is void because (1) Harrison's right to due process and Sixth Amendment right to trial by jury were violated due to improper ex part communications between the judge and jury members regarding improper jury communications; (2) no valid warrant of commitment was ever issued; and (3) the trial court failed to sequester the jury in violation of Nebraska statute and the Sixth Amendment.

Harrison seeks relief from a state-court judgment of conviction which he has unsuccessfully challenged four times before in habeas petitions under 28 U.S.C. § 2254. *See Harrison v. Dahm,* 880 F.2d 999 (8th Cir.1989) (affirming Judge

Urbom's denial of Harrison's habeas petition); *Harrison v. Clarke*, Case No. 4:02CV3329 (D. Neb., May 8, 2003) (dismissing Harrison's successive petition without prejudice because not certified by the Eighth Circuit Court of Appeals), *application for permission to file successive petition denied*, No. 04-1486 (8th Cir., April 30, 2004); *Harrison v. Britten*, Case No. 8:09CV318, 2009 WL 3390245, at *1 (D. Neb., Oct. 21, 2009) (dismissing Harrison's successive petition without prejudice because it was not certified by the Eighth Circuit Court of Appeals), *application for permission to file successive petition denied*, No. 09-3162 (8th Cir., November 6, 2009); *Harrison v. Hansen*, Case No. 8:16CV436, 2016 WL 6311120, at *1 (D. Neb., Oct. 27, 2016) (detailing Harrison's state and federal postconviction case history and dismissing § 2254 habeas petition as successive). However, it is clear from the form of the petition that Harrison seeks relief pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure[1] as a stand-alone request and has not sought to raise his present request for relief in any of his closed federal habeas cases.[2] Harrison cannot use Rule 60 to attack his state criminal judgment.

"It is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt,* No. 4:07–CR–121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b)(4) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be

---

[1] Rule 60(b)(4) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." Fed. R. Civ. P. 60(b)(4).

[2] It should be noted that, after filing the present action, Harrison filed motions for post-judgment relief pursuant to Rule 60(b)(4) in 4:02CV3329, 8:09CV318, and 8:16CV346 which the court denied. (Filing Nos. 24 & 25, Case No. 4:02CV3329; Filing Nos. 17 & 18, Case No. 8:09CV318; Filing Nos. 10 & 11, Case No. 8:16CV346.)

used to challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 F. App'x 763, 767 n.1 (10th Cir. 2008). "At best, in its discretion a district court may choose to interpret a 60(b)(4) motion attacking a state criminal judgment as a § 2254 petition, but all the strictures of AEDPA will apply." *Id.* (citing *Gonzalez v. Crosby,* 545 U.S. 524, 531–35 (2005) (explaining proper role of Rule 60(b) in habeas cases)).

Construing Harrison's 60(b)(4) motion as a § 2254 habeas petition, likewise, affords him no relief. As stated, Harrison unsuccessfully challenged this same judgment of conviction in this court on four previous occasions. Thus, Harrison would be required to seek the permission of the Court of Appeals to commence this successive action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's habeas corpus petition (filing no. 1) is denied and dismissed with prejudice. The court will not issue a certificate of appealability in this matter. A separate judgment will be entered in accordance with this order.

Dated this 21st day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge